UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLY A. C.,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:24-CV-5841-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversable error and affirms the Commissioner's decision to deny benefits.

**I. BACKGROUND**

Plaintiff applied for DIB on October 4, 2022. Administrative Record (AR) 29. She alleged disability beginning December 15, 2016. *Id.* Her date last insured is December 31, 2021. *Id.* Her requested hearing was held before an Administrative Law Judge (ALJ) on February 14,

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

2024. AR 635–63. On April 24, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 26–48. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 2–8. On October 3, 2024, Plaintiff filed a Complaint seeking judicial review of the ALJ's decision. Dkt. 5.

In his decision, the ALJ found Plaintiff had the following Residual Functional Capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant was able to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. She was able to stand and walk for two hours in an eight-hour day. She was able to sit for six or more hours in an eight hour workday. The claimant was able to occasionally climb ramps and stairs. She was to never climb ladders, ropes, or scaffolds. She was able to frequently balance. She was able to occasionally stoop, kneel, and crouch. She was to never crawl. The claimant was able to tolerate occasional exposure to workplace vibration and other workplace hazards (e.g., unprotected heights and exposed moving machinery). The claimant was able to understand, remember, and carry out simple routine tasks.

AR 36. He found she could not perform her past relevant work but could perform work existing in significant numbers in the national economy. AR 42–43.

## II.  STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.  DISCUSSION

Plaintiff challenges the ALJ's determination that she could perform light, rather than sedentary, work. Dkt. 14. She argues the ALJ erred by failing to adopt parts of the medical opinions of two state agency consultants and her subjective testimony which, she claims, support an RFC limited to sedentary work. *See id.*

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

A.     **Sedentary and Light Exertional Classifications**

As an initial matter, the parties dispute whether the RFC's standing-and-walking limitation compels a characterization of her RFC as involving sedentary work. The Commissioner contends the ALJ properly characterized Plaintiff's RFC as involving light work (Dkt. 19 at 5), while Plaintiff suggests in her Reply Brief the standing-and-walking limitation was inconsistent with such a finding (*see* Dkt. 20 at 3–4).

The exertional classification chosen by the ALJ becomes relevant at step five when the ALJ determines whether the Guidelines[1] direct a finding of disability or non-disability. *See* SSR 96-8p.[2] If a claimant's RFC "coincide[s]" with a particular exertional level (and the other criteria of a rule), a rule directing a finding of disabled or not disabled at step five applies. *See* Guidelines Rule 200.00(a). Otherwise, the Guidelines do "not direct a conclusion of disabled or not disabled." *Id.* Thus, a rule applies only if the RFC allows a claimant to perform nearly all the strength activities within a particular exertional level but "do[es] not allow performance of exertional levels beyond that in question." SSR 83-10. When no rule applies, the ALJ may consult a Vocational Expert (VE) (*see* SSR 83-12), and the VE's testimony is ordinarily substantial evidence to support the ALJ's step five finding. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020).

Here, Plaintiff would be found disabled under the Guidelines if limited to performing sedentary work, *see* Guidelines Rules 201.12–14, 200.00(e)(2), but not if her RFC coincided

---

[1] Citations to the grids refer to Appendix 2 to Subpart P of 20 C.F.R. § 404.

[2] The only other conceivable prejudice suffered by Plaintiff from a mischaracterization of the RFC's exertional level is in the ALJ's formulation of a hypothetical to the Vocational Expert. *See* SSR 96-8p. Here, there was no prejudice in this hypothetical, given that the standing-and-walking requirement (which, as will be discussed herein, was the only portion of the RFC consistent with sedentary work) was included as a standalone in the hypothetical question. *See* AR 658–59.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

with the exertional level of light work, *see* Guidelines Rules 202.13–15. The RFC's lifting-and-carrying limitation (20 pounds occasionally, 10 pounds frequently) is consistent with the definition of light work, while the standing-and-walking limitation (2 hours) is consistent with that of sedentary work. *See* AR 36; 20 C.F.R. § 404.1567(a)–(b); Dictionary of Occupational Titles (DOT), App'x C § IV; *see also* 20 C.F.R. § 404.1567 (exertional "terms have the same meaning as they have in the *Dictionary of Occupational Titles*").

Based on this RFC, the ALJ properly declined to apply the Guidelines. The standing-and-walking requirement for sedentary work, alone, does not render a claimant capable of performing only sedentary work. Under the regulations, "jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). If standing and walking were sufficient for an RFC to coincide with sedentary work, there would be no "other sedentary criteria" to be met, rendering that portion of the definition superfluous, along with the lifting requirement that the definition begins with ("no more than 10 pounds at a time"). *See id.*

Nor is a sedentary standing-or-walking limitation facially inconsistent with all light work. A job is still classified as light "when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). The DOT (incorporated into the regulations, *see* 20 C.F.R. § 404.1567), adds that light work also includes jobs requiring pushing and pulling of materials at a production rate pace, a function that could involve little standing or walking. DOT App'x C § IV.

Contending otherwise, Plaintiff relies on SSR 83-10's statement that the "primary difference between sedentary and most light jobs" is in standing or walking capacities. This may show "most light jobs" are eliminated by the standing-and-walking limitation, but not that all

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

light jobs are. It thus does not show a sedentary standing-or-walking limitation means the RFC coincides with sedentary work under Guidelines Rule 200.00(a) (or eliminates all light work, as SSR 83-10 requires).[3] In sum, because Plaintiff's exertional limitations fell between those of sedentary work and light work, the ALJ properly characterized the RFC and declined to apply the Guidelines. *See* Guidelines Rule 200.00(a).[4]

**B.     State Agency Consultants**

The state agency consultants who considered Plaintiff's claim initially and on reconsideration opined, *inter alia*, Plaintiff could stand or walk up to 2 hours, occasionally lift or carry up to 20 pounds, and frequently lift or carry up to 10 pounds. AR 670, 678. They described their opined limitations as consistent with a sedentary exertional level. *See* AR 670 ("sedentary exertion reasonable"); 672 ("sedentary RFC"). The ALJ found the opined standing-and-walking and lifting-and-carrying portions of the opinions persuasive and, as discussed, included them in the RFC while describing Plaintiff as capable of performing light work. *See* AR 36, 40–41.

Plaintiff argues the ALJ erroneously failed to consider the consultants' statements that Plaintiff's RFC was at a sedentary level of exertion. Dkt. 14 at 4–7. The Court disagrees.

---

[3] Moreover, this statement came from SSR 83-10's exertional level definitions. SSR 83-10's exertional level definitions are prefaced as "elaborations" that "may be used by decisionmakers." But "the word 'may' . . . usually implies some degree of discretion." *United States v. Rodgers*, 461 U.S. 677, 706 (1983). Although SSRs are binding on ALJs, *see Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009), this does not mean ALJs must necessarily take any discretionary action SSRs suggest, *see Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (discretionary ability to apply age categories in regulations does not mean ALJ was "required" to do so). Hence, even if SSR 83-10's definitions were inconsistent with the ALJ's determination, this would not necessarily establish legal error.

[4] Where an ALJ finds a claimant's exertional level falls between two exertional levels dictating different results under the Guidelines, the ALJ must still use the Guidelines as a framework. Guidelines Rule 200.00(e). In so doing, he must determine whether the occupational base for the higher exertional level is insignificantly eroded (resulting in a finding of non-disability), significantly eroded (which "could" result in a finding of disability), or somewhere in the middle. *See* SSR 83-12, Adjudicative Guidance § 2. But the ALJ can rely upon VE testimony in determining the extent to which the occupational base is eroded. *See id.* § 2(c). Even where the ALJ is required to use the Guidelines as a framework, the VE's testimony is substantial evidence supporting the ALJ's step five finding unless it is inconsistent with the framework of the grids. *See Swenson v. Sullivan*, 876 F.2d 683, 688 (9th Cir. 1989). Plaintiff has not contended that is so here.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

The ALJ was not required to consider such statements. "[S]tatements about what [Plaintiff's RFC] is using [the Commissioner's] programmatic terms about the functional exertional levels [in the Guidelines] instead of descriptions about [Plaintiff's] functional abilities and limitations" are statements on an issue reserved to the Commissioner under 20 C.F.R. § 404.1520b(c)(3)(v). The consultants' sedentary RFC statements were exactly that—statements about Plaintiff's RFC using an exertional level (sedentary) in the Guidelines. Such statements are "inherently neither valuable nor persuasive" and need not be addressed by the ALJ. *Id.* § 404.1520b(c). The ALJ did not err in failing to credit or address such statements.

Even if this were not so, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC," *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015), and "where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision reflects a reasonable interpretation of the consultants' opinions as opining Plaintiff could engage in some light work, given their lifting-or-carrying limitation. Plaintiff has not shown error in the ALJ's assessment of these opinions.

C.     **Subjective Symptom Testimony**

Plaintiff testified she had pain in her upper and lower extremities, that she could walk only 15 to 20 minutes at a time without having to lean on other objects, and that sitting sometimes caused pain. *See* AR 648–51. The ALJ was required to provide specific, clear, and convincing reasons for rejecting this testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014).

The ALJ found Plaintiff's subjective symptom testimony inconsistent with the objective medical evidence. *See* AR 37–38. He acknowledged some medical evidence that could be

consistent with her testimony (*see* AR 37), but found the evidence did not support a finding she was further limited because

> most of the physical examinations found the claimant to have a normal range of motion of the neck and lower back, intact sensation of the bilateral extremities, a good range of motion of the bilateral extremities, no signs of neurological deficits, normal diabetic foot inspections, no signs of tenderness or rigidity of the abdomen, normal bowel sounds, and a wide-based to normal unassisted gait during the period in question.

AR 38. The ALJ properly concluded, based on largely normal physical examination results, that Plaintiff's allegations were inconsistent with the objective medical evidence. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)).

      Plaintiff's only argument to the contrary relies upon the state agency consultants' opinions and argues the ALJ should have credited their interpretation of the medical evidence which, she contends, results in a sedentary RFC. Dkt. 14 at 11. The Court has found those portions of the opinions, however, were not ones the ALJ was required to discuss. Even if that were not so, the ALJ is not necessarily required to credit a particular medical opinion in formulating the RFC or assessing a claimant's testimony. *See Farlow v. Kijakazi*, 53 F.4th 485, 488–89 (9th Cir. 2022).

      Plaintiff challenges the ALJ's finding that her activities of daily living were inconsistent with her testimony. *See* Dkt. 14 at 9–10. Having found the ALJ properly discounted her testimony based on his assessment of the medical evidence, any error in this respect would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 7th day of April, 2025.

David W. Christel
United States Magistrate Judge